UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 2017-cv-14006

WENDY A. GRIBEN,

   Plaintiff,

V.

MARLIN FOOD STORES, INC.,
MARLIN FUEL AND TRANSPORT,
INC. and ROBERT R. VAUGHN,

   Defendants.

_____/

## **COMPLAINT**

Plaintiff WENDY A. GRIBEN by and through undersigned counsel sues the Defendants, MARLIN FOOD STORES, INC., MARLIN FUEL AND TRANSPORT, INC. and ROBERT R. VAUGHN and alleges as follows:

1. Plaintiff brings this action against Defendants to recover unpaid wages, compensation, and damages. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

1

2. Jurisdiction is conferred on this Court by the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201 *et seq.* and 28 U.S.C. §§1331.

3. The unlawful employment practices alleged below occurred or were committed within this judicial district. 4. All acts or omissions giving rise to this dispute took place in Monroe County, Florida.

5. At all times material hereto, Plaintiff has been a citizen and resident of Monroe County, Florida and within the jurisdiction of this Court.

6. At all times material hereto Corporate Defendants MARLIN FOOD STORES, INC., MARLIN FUEL AND TRANSPORT, INC. were Plaintiff's employer as defined by law.

7. At all times material hereto Defendants MARLIN FOOD STORES, INC., MARLIN FUEL AND TRANSPORT, INC. were corporations conducting business in Monroe County, Florida.

8. At all times material hereto, Corporate Defendants were, and continue to be, "enterprise(s) engaged in commerce" within the meaning of the FLSA.

9. At all times material hereto, Corporate Defendants were, and continue to be, enterprises engaged in the "production of goods for commerce" within the meaning of the FLSA.

10. At all times material hereto MARLIN FOOD STORES, INC., and MARLIN FUEL AND TRANSPORT, INC. had employees engaged in the

production of goods for commerce and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce. 29 U.S.C. §203.

11. At all times material hereto, the annual gross revenue of Corporate Defendants was in excess of $500,000.00 per annum.

12. At all times material hereto, Corporate Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

13. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

14. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

15. At all times material hereto, ROBERT R. VAUGHN was Plaintiff's employer as defined by law. ROBERT R. VAUGHN had operational control over the Corporate Defendants and was directly involved in decisions affecting employee compensation and hours worked by employees including Plaintiff. Moreover, ROBERT R. VAUGHN controlled the finances for Corporate Defendants.

16. The individual Defendant ROBERT R. VAUGHN is a corporate officer and/or owner and/or manager of the Corporate Defendants who ran the day-

to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

17. At all times material hereto, Plaintiff was individually engaged in commerce while working for Defendants.

### COUNT I: FLSA RECOVERY OF OVERTIME WAGES

18. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 17 above.

19. Plaintiff worked for Defendants from approximately December 2006 to August 2016.

20. Plaintiff worked for Defendants as a dispatcher and office clerk.

21. Plaintiff was paid at the rate of $12.00 per hour.

22. During one or more workweeks, Defendants did not pay Plaintiff time and one half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

23. Plaintiff worked an average of 66 hours per week for Defendants.

24. Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. § 207.

25. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages and incurred and will continue to incur costs and attorneys' fees.

26. Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendants for all unpaid wages, liquidated damages, attorneys' fees, costs, and any and all other relief which this Court considers just and proper.

**TRIAL BY JURY**

Plaintiff demands trial by jury on all issues so triable.

Respectfully Submitted this 7th day of January, 2017.

                                        CAMPBELL & MALAFY
                                        10887 Overseas Highway,
                                        Suite 201
                                        Marathon, Florida 33050
                                        Tel. (305) 743-2492
                                        Fax.   (786) 743-2432

                                        **s/ jc**

                                        John Campbell
                                        Florida Bar No. 443972
                                        Campbelllaw@mac.com

                                        ATTORNEYS FOR PLAINTIFF